IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 21 2017

JAMES W. McCORMACK, CLERK
By: _____ DER CLERK

**ALTON BUCK**                                                                             **PLAINTIFF**

V.                                   CASE NO. 4:17cv856-DPM

**MT. CARMEL COMMUNITY AT THE VILLIAGE, LLC**            **DEFENDANT**

## COMPLAINT

For his Complaint, Plaintiff Alton Buck states:

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

### The Action

1. This is an action for compensatory damages, including liquidated damages; attorney's fees; punitive damages; and other applicable relief available to Plaintiff pursuant to and arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("Act") and under Arkansas Code Ann. § 11-4-211.

### The Parties

2. Plaintiff is a resident of Saline County, Arkansas; the claims for overtime pay made herein arose from employment duties performed for Defendant in Saline County, Arkansas.

3. Defendant is an Arkansas limited liability company whose registered agent for service of process is listed in the records of the Arkansas Secretary of State as Jimmy Elrod, 22461 Interstate 30, Bryant, Arkansas 72022.

### Venue and Jurisdiction

4. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331; venue is proper pursuant 28 U.S.C. § 1391(d). This court may hear the supplemental state action brought by

1

Plaintiff pursuant to the equitable and statutory powers afforded federal courts and by 28 U.S.C. § 1367.

## Facts Giving Rise to Plaintiff's Claims

5. In April 2014, Plaintiff was hired by Defendant to perform the duties of at Defendant's places of business known as Mt. Carmel Community at the Villages, LLC located in Saline County, Arkansas. When he was hired, Plaintiff was paid on an hourly basis and received overtime pay for hours worked in excess of the applicable limitations imposed by the Act and state law. When Plaintiff was first hired, his everyday duties included working weekends at the front desk answering phones and giving tours of the facilities. In late fall of 2014, Plaintiff moved from a part-time employee to a more full-time employee. His duties expanded to include assisting the activity directors and filling in for the activity directors when they were off, helping with dietary by serving meals and busting table, and filling in at the front desk and answering phones. In January 2016, Defendant gave Plaintiff the title of "Community Relations," but his job duties remained the same as they had been since the late fall of 2014.

6. During 2014 and 2015, Plaintiff was paid $10.50 per hour. Plaintiff was required to clock in and out every day he worked Defendant's place of business.

7. In January 2016, however, Defendant informed Plaintiff that he would be paid $11.00 per hour and would no longer be required to clock in and clock out, even though his job duties and responsibilities did not change in any significant manner from those duties and responsibilities outlined in paragraph 5.

8. Plaintiff never performed supervisory work for Defendant; never had authority to hire or fire other employees; never performed administrative or managerial duties for Defendant; nor did he ever meet any of the other requirements of applicable law to be properly qualified as or to

be otherwise rightfully considered an exempt employee under the overtime provisions of the Act or state law.

9. Plaintiff's compensation change was intentionally implemented by Defendant, was willful, and was not merely negligent. The compensation change was the result of a deliberate decision by Defendant and, at best, was made with reckless indifference to the consequences of such action; at worst, it was made with knowledge that it violated the law. Under these circumstances, Plaintiff is entitled to claim back-pay overtime for a period of two years.

10. During some pay period during 2016 and 2017, Defendant paid for some hours Plaintiff worked over 40 hours at Plaintiff's normal hourly pay rate of $11.00, but paid no overtime on hours worked over 40 hours. In other pay periods, Defendant did not pay Plaintiff days he worked over 40 hours at his normal hourly rate of $11.00 per hour rate or overtime rate worked on those days. During that two year period, Plaintiff has worked in excess of 1,600 hours of time for which he is entitled to be paid overtime at the rate prescribed by law, as follows:

| Pay Period | Bi-Weekly Hours Worked | Overtime Hrs. |
| --- | --- | --- |
| 1/1/17—1/14/17 | 118.5 | 38.5 |
| 1/15/17—1/28/17 | 121.75 | 41.75 |
| 1/29/17—2/11/17 | 121.5 | 41.5 |
| 2/12/17—2/25/17 | 116.25 | 36.25 |
| 2/26/17—3/11/17 | 137.25 | 57.25 |
| 3/12/17—3/25/17 | 115.25 | 35.25 |
| 3/26/17—4/8/17 | 133.5 | 53.5 |
| 4/9/17—4/22/17 | 96.25 | 16.25 |
| 4/23/17—5/6/17 | 96.5 | 16.5 |
| 5/7/17—5/20/17 | 138.0 | 58.0 |

| | | |
|---|---|---|
| 5/21/17—6/3/17 | 135.5 | 55.5 |
| 6/4/17—6/17/17 | 93.0 | 13.0 |
| 6/18/17—7/1/17 | 95.5 | 15.5 |
| 7/2/17—7/15/17 | 133.5 | 53.5 |
| 7/16/17—7/29/17 | 97.5 | 17.5 |
| 7/30/17—8/12/17 | 139.25 | 59.25 |
| 8/13/17—9/1/17 | 97.25 | 17.25 |
| 1/3/16 – 1/16/16 | 144.5 | 64.5 |
| 1/17/16-1/30/16 | 115.75 | 35.75 |
| 1/31/16—2/13/16 | 92.00 | 12.0 |
| 2/14/16—2/27/16 | 144.5 | 64.5 |
| 2/28/16—3/12/16 | 142.0 | 62.0 |
| 3/13/16—3/26/16 | 96.0 | 16.0 |
| 3/27/16—4/9/16 | 124.0 | 44.0 |
| 4/10/16—4/23/16 | 113.0 | 33.0 |
| 4/24/16—5/7/16 | 128.0 | 48.0 |
| 5/8/16—5/21/16 | 113.0 | 33.0 |
| 5/22/16—6/4/16 | 121.5 | 41.5 |
| 6/5/16—6/18/16 | 111.0 | 31.0 |
| 6/19/16—7/2/16 | 142.0 | 62.0 |
| 7/3/16—7/16/16 | 138.75 | 58.75 |
| 7/17/16—7/30/16 | 123.0 | 43.0 |
| 7/31/16—8/13/16 | 104.5 | 24.5 |
| 8/14/16—8/27/16 | 103.5 | 23.5 |
| 8/28/16—9/10/16 | 131.5 | 51.5 |

| | | |
|---|---|---|
| 9/11/16—9/24/16 | 105.75 | 25.75 |
| 10/9/16—10/22/16 | 139.75 | 59.75 |
| 10/23/16—11/5/16 | 103.5 | 23.5 |
| 11/6/16—11/19/16 | 109.0 | 29.0 |
| 11/20/16—12/3/16 | 134.75 | 54.75 |
| 12/18/16—12/31/16 | 134.25 | 54.25 |

11. In addition to failing to pay overtime for work performed in excess of 40 hours per week, Defendant has not complied with the recordkeeping requirements of 29 U.S.C. § 516.2, including but not limited to, failing to maintain records pertaining to time and day of week when employee workweeks begin; failing to maintain records pertaining to hours worked each day; failing to maintain records pertaining to total hours worked each workweek; failing to maintain records pertaining to total daily or weekly straight-time earnings; and failing to maintain records for total overtime earnings for the workweeks.

12. Plaintiff demands a trial by jury for all causes of action asserted herein.

WHEREFORE, Plaintiff prays for damages, both compensatory and punitive, including liquidated damages; for reasonable attorney's fees; for all costs expended in prosecuting this action; and for all other proper relief to which he is entitled for Defendant's willful violation of the overtime pay and recordkeeping provisions of the Act and state law.

Respectfully submitted,

HOSTO & BUCHAN, P.L.L.C.
P.O. Box 3316
Little Rock, Arkansas 72203
Direct Telephone: (501) 320-0259
Facsimile: (501) 482-0259
Email: sstrange@hosto.com

*ATTORNEYS FOR ALTON BUCK*

By: /s/ Sammie P. Strange, Jr.
Sammie P. Strange, Jr. ABN 90012