**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ALTON BUCK**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 4:17CV856-DPM**

**MT. CARMEL COMMUNITY**                                     **DEFENDANT**
**AT THE VILLAGE, LLC**

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

For its Answer and Affirmative Defenses to Plaintiff's Complaint, Mt. Carmel Community at the Village, LLC (hereinafter "Mt. Carmel" or "Defendant"), through its attorney Danna J. Young, Law Office of Danna Young, P.A., states as follows:

### The Action

1. Defendant admits the allegation in Paragraph 1 of Plaintiff's Complaint that Plaintiff is bringing this action and seeking compensatory damages, liquidated damages, punitive damages, attorneys' fees, and other applicable relief available to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and Arkansas Code Annotated § 11-4-211. However, Defendant denies the allegation that Plaintiff is entitled to the relief sought pursuant to the FLSA and Arkansas Code Annotated § 11-4-211.

### The Parties

2. Defendant is without sufficient information to admit or deny the allegation in Paragraph 2 of Plaintiff's Complaint that Plaintiff is a resident of Saline County, Arkansas. Defendant admits the allegation that Plaintiff was employed by Defendant and that

Defendant is located in Saline County, Arkansas. Defendant denies all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

**Venue and Jurisdiction**

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint that jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1331, 1391, and 1367.

**Facts Giving Rise to Plaintiff's Claims**

5. Defendant admits the allegation in Paragraph 5 of Plaintiff's Complaint that Plaintiff was hired in April 2014 to work at Mt. Carmel Community at the Village, LLC, which is located in Saline County, Arkansas. Defendant admits the allegations that Plaintiff was paid on an hourly basis, received overtime for hours worked in excess of 40 hours per week, and had employment duties which included working at the front desk, answering phones, and giving tours of the facility in which he worked. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint that Plaintiff moved from a part-time position to a full-time position in the fall of 2014, and that Plaintiff's duties expanded at that time. Defendant further admits the allegation that in January 2016, Plaintiff's title changed. Defendant denies all remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint that Plaintiff was paid $10.50 per hour and was required to clock in and out each workday.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint that, beginning in January 2016, Plaintiff's pay was increased from $10.50 to $11.00 per hour and that Plaintiff's job duties and responsibilities did not change at that time.

Defendant further admits the allegation in Paragraph 7 of Plaintiff's Complaint that Plaintiff was no longer required to clock in and out each work day. Defendant denies all remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.  Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint that Plaintiff never performed supervisory work, never had authority to hire or fire other employees, and never performed administrative or managerial duties for Defendant. Defendant is without sufficient information to admit or deny whether Plaintiff qualified as an exempt employee under applicable federal and state law. Defendant denies all remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.  Defendant denies all allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies all allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies all allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff, pursuant to Paragraph 12, has requested a trial by jury.

13. In response to the WHEREFORE unnumbered paragraph of Plaintiff's complaint (following Paragraph 12), Defendant denies that it is liable to Plaintiff for any of the relief he seeks and further denies that Plaintiff is entitled to any such relief.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.  To the extent that this Court may determine that Defendant's acts or omissions result in liability under the FLSA, Plaintiff's claims are, nonetheless, barred by

the provisions of the Portal-to-Portal Act, 20 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

3. To the extent that any claim arises outside the statute of limitations, it is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

4. Defendant asserts that any insubstantial or insignificant periods of recorded working time beyond the schedule working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

5. Defendant asserts that any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

6. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff performed no work, including vacation and/or sick or medical leave, or for periods of time during which Plaintiff was otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended.

7. Defendant reserves the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered Plaintiff's Complaint and having raised affirmative defenses, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award Defendant the costs and disbursements of this action, including attorneys' fees, and award Defendant such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Danna J. Young
Arkansas Bar No. 2004168
Attorney for Defendant, Mt. Carmel
Law Office of Danna Young, P.A.
1501 N. University Ave., Ste. 970
Little Rock, AR 72207
501-414-0264 (P)
501-404-2460 (F)
danna@dannayounglaw.com

**CERTIFICATE OF SERVICE**

I, Danna J. Young, hereby certify that on January 30, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Sammie P. Strange, Jr.
Hosto & Buchanon, PLLC
P.O. Box 3316
Little Rock, AR 72203
501-320-0259 (P)
501-482-0259 (F)
sstrange@hosto.com

/s/ Danna J. Young
Arkansas Bar No. 2004168
Attorney for Defendant, Mt. Carmel
Law Office of Danna Young, P.A.
1501 N. University Ave., Ste. 970
Little Rock, AR 72207
501-414-0264 (P)
501-404-2460 (F)
danna@dannayounglaw.com